Joseph Tompkins, Respondent, v. Jacob Hyman, Appellant.— Judgment of the Municipal Court affirmed, with costs. No opinion. Jenks, Hooker and Rich, JJ., concurred; Woodward and Miller, JJ., dissented.

Andrew Watson, Appellant, v. Fred Adee Company, Respondent.— Judgment of the Municipal Court affirmed, with costs. No opinion. Woodward, Jenks, Hooker, Gaynor and Rich, JJ., concurred.

In the Matter of the Application of the Brooklyn Bar Association to Disbar William O. Miles, an Attorney. — Application granted. Present — Jenks, Hooker, Gaynor, Rich and Miller, JJ.

The People of the State of New York, Appellant, v. Knickerbocker Trust Company, Respondent. Ernst Thalmann and Others, as Temporary Receivers of the Knickerbocker Trust Company, Respondents. — Motion to resettle order denied. Motion for leave to appeal to the Court of Appeals denied. Present — Jenks, Hooker, Gaynor, Rich and Miller, JJ.

Mary Reilly, Appellant, v. George Haseltine, Respondent.— Motion granted, without costs. Present — Jenks, Hooker, Gaynor, Rich and Miller, JJ.

Jacob S. Wortman, Respondent, v. Catherine M. Wood, Defendant, and Mary E. Potter, Appellant. — Motion denied, without costs. Present — Woodward, Jenks, Gaynor, Rich and Miller, JJ.

---

THIRD DEPARTMENT, JUNE, 1908.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES M. LEET, Relator, v. GEORGE L. HEINS, as State Architect, Respondent.

*Certiorari — dismissal of building inspector by State Architect affirmed.*

Certiorari issued out of the Supreme Court and attested on the 8th day of June, 1907, directed to George L. Heins, as State Architect, commanding him to certify and return to the office of the clerk of the county of Albany all and singular his proceedings had in relation to the removal of Charles M. Leet from his position as building inspector.

PER CURIAM: After a fair trial upon charges preferred by the chief inspector the State Architect decided that the relator, a veteran of the Civil War, was incompetent and guilty of misconduct in his position as building inspector, and removed him therefrom. A careful examination of the evidence convinces us that there was competent proof of the facts necessary to be proved to authorize the making of the determination, and we are not able to say that there was such a preponderance of proof against the existence of any of those facts that if the determination was based upon the verdict of a jury affirming the existence thereof, we would be justified in setting it aside as against the weight of the evidence. That being so, we feel compelled, under section 2140 of the Code of Civil Procedure, which governs our hearing of the matter, to confirm the determination. Determination unanimously confirmed, with fifty dollars costs and disbursements to respondent.